UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA

v.

DENNIS STEWART

Defendant.

_____/

CASE NO: 00-6180-CR-FERGUSON

NIGHT BOX FILED
NOV - 8 2001
CLARENCE MADDOX

DENNIS STEWART'S OBJECTIONS
TO THE PRE-SENTENCE INVESTIGATION
REPORT AND INCORPORATED
MEMORANDUM OF LAW

The defendant, DENNIS STEWART, through undersigned counsel, respectfully registers objections to the Pre-sentence Investigation Report pursuant to S.D.Fla.LR 88.8, USSG §§ 6A1.2-3, p.s. (Nov. 1998), Rule 32 (a)(1), Fed.R.Crim.P. and the Fifth Amendment to the United States Constitution, as follows:

### I. OBJECTIONS

**Objection to paragraph 20, at page 8 and paragraph 93, at page 25 (Restitution)**

The pre-sentence report asserts that Mr. Stewart owes restitution in the amount of $3,494,126.59 to the federal government. However, as the amount of restitution is limited to the offense of conviction, this amount is incorrect.

Mr. Stewart pleaded guilty to a one count information charging him with a false statement in a matter within the jurisdiction of the United States, in violation of 18 U.S.C. § 1001, relating to a HUD-1 settlement statement. That statement related to one particular unit of a multi-unit development. The referenced unit is located at 6802 N. 50th Street, Tampa, Florida. Restitution can only be assessed for losses relating to this particular property, not to alleged losses stemming from other properties.

CASE NO: 00-6180-CR-FERGUSON

Restitution in this case is governed by the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663-3664, as the date of the offense is before April 24, 1996. In *Hughey v. United States*, 495 U.S. 411 (1990), the Supreme Court held that a restitution order pursuant to the VWPA must not consider the harm arising from the conduct of which a defendant was acquitted. Interpreting the statute's plain language, the Court stated that Congress's intent in crafting the statute was to allow restitution only for the crime of conviction. Thus, "the loss caused by the conduct underlaying the offense of conviction establishes the outer limits of a restitution order." 495 U.S. at 420.

The Eleventh Circuit has, of course, followed *Hughey*. See e.g. *United States v. Young*, 953 F. 2d 1288,1289 (11th Cir. 1992); *United States v. McArthur*, 108 F. 3d 1350, 1357 (11th Cir. 1997).

The documents reflect that the mortgage on this particular property was $96,600. That is, therefore, the maximum amount that may be assessed as restitution. Moreover, the amount of restitution must be reduced by the extent to which the victim has already been compensated. See *United States v. Wells*, 127 F. 3d 739 (8th Cir. 1997) (reducing the loss for restitution purposes by the amount that the victim lender expected to recover from a stream of lease payments that the defendant had sold to the bank in exchange for financing). As noted below, the property has recently been sold. The amount realized on this property should be deducted from the mortgage to arrive at the proper amount of restitution.

**Objection to paragraph 24, at page 9 (loss calculation)**

In calculating the loss amount for purposes of using the fraud table, § 2F1.1, the Pre-

sentence report fails to deduct the funds the government has received through the sale of the property. USSG § 2F1.1, comment (n.7(b)) controls the methodology for calculating loss in the case of a fraudulent loan. It states that the "loss is the amount of the loan not repaid at the time the offense is discovered, reduced by the amount the lending institution has recovered (or can expect to recover) from any assets pledged to secure the loan." *See also United States v. Menichino*, 989 F. 2d 438 (11th Cir. 1993).

HUD sold the property for $524,700. That amount must be deducted from the loss amount. Thus, the appropriate loss figure is $3,135,200 - 524,700 or $2,610, 500. This change does not affect the guideline calculation.

**Correction to Paragraph 55**

Mr. Stewart enrolled at the University of Miami Law School on June 17, 1978, not in 1980.

**Correction to Paragraph 72**

The section on the defendant's monthly expenses omits a monthly payment of $1000 that the defendant makes, pursuant to a settlement agreement, to Guaranty Federal Savings Bank. Documents supporting this payment were provided to the Probation Department (*See* Paragraph 81). These payments will continue until February 2003.

**Correction to Paragraph 84 (Ability to pay)**

The proposed reduction in the amount of restitution owed and the proposed increase in the

CASE NO: 00-6180-CR-FERGUSON

amount of monthly expenses may change the determination of Mr. Stewart's ability to pay a fine and to pay restitution.

Respectfully submitted,

Moscowitz Moscowitz & Magolnick
1111 Brickell Avenue, Suite 2050
Miami, FL 33131
Tel: (305) 379-6700
Fax: (305) 379-4404

By: _____
Jane W. Moscowitz
FL Bar No.: 586498

CASE NO: 00-6180-CR-FERGUSON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Objections to the Presentence Investigation Report and Incorporated Memorandum of Law has been served by U.S.Mail this ___ day of November 2001 to:

AUSA Roger Stefin
Office of the United States Attorney
500 E. Broward Blvd.
7th Floor
Fort Lauderdale, Florida 33394

Donald Jefferson
U.S. Probation Officer
Federal Courthouse Building
299 East Broward Blvd., Room 409
Ft. Lauderdale, FL 33301-1865

Jane W. Moscowitz, Esq.